STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                        DOCKET NO. AP-05-059

                                                  Y)R-       62

LISA DUCKWORTH,

          Petitioner

     v.                                          **ORDER**

COMMISSIONER of the
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

          Respondent

     Before the Court is Petitioner Lisa Duckworth's 80C appeal of the final agency

action of the Maine Department of Health and Human Services (the "Department")

effectively revoking Ms. Duckworth's day care provider license. Following hearing, the

appeal is Denied.

## BACKGROUND

     Ms. Duckworth was licensed to operate a Home Day Care at 81 Northland Court

in North Waterboro, Maine. In August 2003, the Department, received two separate

complaints regarding Ms. Duckworth's operation of a Home Day Care. The first

complaint came on August 13, 2003, from a parent whose eight year-old daughter

attended the day care and whose sixteen year-old daughter Reilley had been employed

at the day care. The complaint stated that on numerous occasions Ms. Duckworth

allowed Reilley to take care of at least eleven children by herself for up to six hours at a

time, even though the parent told Ms. Duckworth not to leave Reilley alone with the

children. Reilley was not certified in CPR or first aid. The parent removed her eight year-old daughter from the day care because of these safety issues.

The second complaint came on August 18, 2003, from a second parent whose two year-old and four year-old children attended the day care. The complaint stated that at 5:30 a.m. one morning, as this parent attempted to drop off her children, Ms. Duckworth did not answer the door because she was still in bed. This parent stated that when she saw Ms. Duckworth she was intoxicated. She witnessed that she could not walk straight and was slurring her words. This parent refused to leave her children at the day care.

At this time, Ms. Duckworth and her husband were going through a divorce. Mr. Duckworth was given temporary custody of their three children and possession of the primary residence at 81 Northland Court following a protection from abuse petition action. Ms. Duckworth subsequently moved her home day care business to another residence.[1]

On August 25, 2003, the case was assigned to the Investigator Angel Jamison at the Institutional Abuse Division. Shortly thereafter, Investigator Jamison interviewed the first parent, who reiterated the contents of her complaint. On September 3, 2003, the Investigator interviewed the second parent, who reported that when she knocked on the door there was no answer. She reported that when she saw Ms. Duckworth that morning she appeared to be intoxicated and had urinated in her pants. This parent further reported that Ms. Duckworth told her that she had been up until 3:00 a.m. that morning drinking vodka and orange juice. Based on this information, the Department substantiated the complaint for neglect, emotional abuse and threat of emotional abuse.

---

[1] She did not submit an application with the Department before moving locations as required by law.

2

On January 20, 2004, the Commissioner authorized a hearing officer to conduct a hearing concerning this matter and make recommended findings of fact and a recommended decision. The Commissioner reserved the right to make the final decision. On June 17, 2004, following a hearing, the hearing officer recommended that the Commissioner reverse the Department's substantiation decision concerning Ms. Duckworth. On October 1, 2004, the Commissioner did not agree with the hearing officer and issued a final decision upholding the Department's substantiation decision. This appeal followed.

## DISCUSSION

Ms. Duckworth contends that the Commissioner violated her right of due process by making findings without hearing evidence himself. She argues that only the hearing authority who heard the evidence presented and assessed the witnesses' credibility is permitted to make findings. Furthermore, she contends that absent a finding by the Commissioner that the hearing officer made any clearly erroneous findings of fact or that he abused his discretion, the hearing officers recommendation should be upheld.

The Law Court has stated that due process does not require that the decision-maker in an administrative hearing hear or read all the testimony. *Green v. Commissioner of the Department of Mental Health, Mental Retardation, and Substance Abuse Services*, 776 A.2d 612 (Me. 2001); See, e.g., *New England Tel. & Tel. Co. v. Pub. Utils. Comm'n, 448 A.2d 272, 279 (Me. 1982)*. Rather, once the decision-making officer is familiar with the evidence to assure that all statutory criteria have been satisfied, and has retained the ultimate authority to render the decision, he can utilize subordinate hearing officers to gather evidence and make preliminary reports. *Id.* Accordingly, contrary to Ms.

3

Duckworth's contention, it is the Commissioner's findings that are subject to review for clear error and not those of the hearing officer. *Id.* at 616.

In this case, the Commissioner had access to the entire administrative hearing record, including the exhibits and audiotapes of the hearing. The Commissioner considered the testimony presented at the hearing and reviewed the recommendations made by the hearing officer. Because the Commissioner was not bound by the recommended findings of the hearing officer, the Commissioner's failure to adopt the recommended decision of the hearing officer was not error. See *Green*, 776 A.2d at 617. Furthermore, the Commissioner's decision was supported by substantial evidence in the record.

Ms. Duckworth's 80C appeal is DENIED and the Department's decision is AFFIRMED.

Dated:     May    , 2006

G. Arthur Brennan
Justice, Superior Court

PETITIONER:     James Audiffred, Esq.
                PO Box 1005
                Saco Me   04072

RESPONDENT:     Renee Guignard, AAG
                44 Oak St   4th Floor
                Portland Me 04101-3014

4